LEVINSON, Judge.
Respondent-mother appeals from an order adjudicating her son S.C.S. neglected. For the reasons stated herein, we affirm.
SCS was born on 28 September 2001 to respondent-mother and B.H.S., Jr. (father). On 3 March 2003, the Alamance County Department of Social Services (petitioner) filed a petition alleging that S.C.S. was a neglected juvenile. The affidavit as to the status of the minor child was attached to the petition, but was not completed or signed. After a hearing, the trial court adjudicated S.C.S. neglected and ordered that custody of S.C.S. be with petitioner for placement in foster care. Respondent-mother appeals. By her sole assignment of error brought forward on appeal, respondent-mother contends the trial court lacked subject matter jurisdiction over the case because petitioner failed to file an affidavit required by N.C.G.S. § 50A-209. We disagree.
Section 50A-209(a) requires each party in a child custody proceeding "in its first pleading or in an attached affidavit" to give information as to the child's present address or whereabouts and where the child has resided within the previous five years. N.C.G.S. § 50A-209(a) (2003). The purpose of the information is to assist the trial court in determining whether it has jurisdiction. In re Clark, 159 N.C. App. 75, 79, 582 S.E.2d 657, 660 (2003). This Court stated in Clark that "[a]lthough it remains the better practice to require compliance with section 50A-209, failure to file this affidavit does not, by itself, divest the trial court of jurisdiction." Id. Moreover, the Official Comment to section 50A-209 states that "failure to provide the information does not deprive the court of jurisdiction to hear the case." N.C.G.S. § 50A-209 official commentary (2003). Accordingly, the trial court had jurisdiction to hear the case and respondent-mother's assignment of error is overruled.
Affirmed.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).